IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN SAVAGE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 23-3983** |
| | : | |
| **YES CARE INC.** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                    **December 18, 2023**

An incarcerated man repeatedly claimed harm when he injured his hand in a fight with another incarcerated man in November 2019. He sued several state actors and the facility's medical provider in October 2021. The incarcerated man alleged an unknown medical provider employee engaged in conduct in November 2019 and the medical provider had a custom of not authorizing recommended follow-up medical treatment. We directed the incarcerated person complete forms to allow the United States Marshal to timely serve the medical provider. But the incarcerated person never returned the forms. The medical provider never appeared in the 2021 case.

The incarcerated person proceeded on his claims and settled his claims against the state actors arising from the injuries earlier this year. The medical provider appears to have filed bankruptcy sometime this year. He returns with a new case against the alleged successor to the bankrupt medical provider pleading he reserved his rights to sue the medical provider in his settlement with state actors. He does not allege deliberate indifference to a serious medical need required to state an Eighth Amendment claim against the successor medical provider based on a custom. And his 2023 claim based on 2019 conduct is facially barred by the statute of limitations even if he could state a deliberate indifference claim. We dismiss his Complaint without prejudice for him to timely file an amended Complaint if he can plead the medical provider's deliberate indifference and specific grounds to toll the two-year statute of limitations.

I. **Alleged *pro se* facts.**

Officials at the Philadelphia Detention Center transported the incarcerated Kevin Savage to Temple University Hospital after he shattered his hand in a November 2019 fight with another incarcerated person.[1] A Temple orthopedic surgeon recommended emergency surgery on his hand.[2] The Detention Center returned him to his Facility.[3] He did not receive the surgery recommended by the orthopedic surgeon at Temple.[4] He blamed the Facility medical provider Corizon Health for not arranging the surgery.

He timely sued the state actors and the medical provider in October 2021.[5] He arranged service upon the state actors but never arranged United States Marshal service upon the medical provider. He elected to proceed in his first suit without the medical provider.[6] He settled for money damages with the state actors earlier this year.[7]

Mr. Savage returned two months ago alleging a John Doe employee of Corizon Health, now known as YesCare Inc., failed to schedule the surgery as recommended by the Temple surgeon in November 2019.[8] He identifies the John Doe employee as a defendant but does not include his name in the caption. Mr. Savage sues YesCare alleging its failure to train its employees on the need to schedule follow-up medical care.[9]

Mr. Savage concedes he did not file a grievance regarding John Doe's failure to schedule surgery.[10] He alleges he did not file a grievance "because the issue couldn't be resolved by grievance process. An emergency surgery was required by outside Hospital (Temple Hosp.)."[11]

Mr. Savage alleges his hand is permanently disfigured since November 2019. He now also alleges because he never received the recommended surgery, his hand "heal[ed] on [its] own," he is in constant pain, he developed unpleaded "[f]urther complications," his hand "must now have

to be voluntarily broken," and "[c]osmetic surgery is needed because the appearance of [his] hand is unsightly."[12] Mr. Savage seeks $350,000 in compensatory damages.

## II. Analysis

Mr. Savage returns claiming a denial of medical care in violation of the Eighth Amendment under 42 U.S.C. § 1983.[13] He makes claims against: (1) a John Doe employee of Corizon Health for failing to schedule the recommended follow-up surgery or "carry out his duties as a YesCare employee"; and (2) YesCare, Inc. for failing to properly train its employees on the need to schedule follow-up medical care.[14]

Congress requires we screen Mr. Savage's allegations under 28 U.S.C. § 1915A even where he paid the filing fee.[15] Congress in section 1915A requires we "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[16] On review, we must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."[17]

We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915A(b)(1).[18] Mr. Savage must plead enough facts to state a claim to relief plausible on its face under Rule 12(b)6).[19] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] While "[t]he plausibility standard is not akin to a 'probability requirement,' it does require the pleading show 'more than a sheer possibility … a defendant has acted unlawfully.'"[21] "A pleading that merely 'tenders naked

assertion[s] devoid of further factual enhancement' is insufficient."²² We are "mindful of our obligation to liberally construe a pro se litigant's pleadings … particularly where the pro se litigant is imprisoned."²³ We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."²⁴ But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules–they must abide by the same rules that apply to all other litigants."²⁵

    **A.  Mr. Savage does not plead an Eighth Amendment claim.**

We liberally construe Mr. Savage's allegations under the Eighth Amendment and seeking damages under the civil rights law.  He does not state a timely claim.

Our framers in the Eighth Amendment prohibited cruel and unusual punishment. The Supreme Court in *Estelle v. Gamble* held the denial of medical care to a prisoner may constitute a violation of the Eighth Amendment if prison officials are "deliberate[ly] indifferent" to a prisoner's serious medical needs by "intentionally denying or delaying access to medical care or interfering with the treatment once prescribed."²⁶ Mr. Savage sues a John Doe employee of YesCare (formerly Corizon) and YesCare for failure to train.

To plead deliberate indifference, Mr. Savage must allege (1) a serious medical need; (2) the defendants were deliberately indifferent to the need; and (3) the deliberate indifference caused him harm.²⁷ Mr. Savage must allege officials intentionally delayed, denied, or interfered with needed medical care or recklessly disregarded a substantial risk of serious harm to adequately allege deliberate indifference.²⁸

Mr. Savage sues YesCare Inc. "AKA" Corizon Health "AKA" Tehum Care Services.²⁹ Liberally construing Mr. Savage's pro se complaint, we infer YesCare, as the successor to Corizon, contracted with the Philadelphia Department of Prisons to provide health care. As we earlier

explained in *Savage I,* YesCare, as Corizon's successor, may be considered a state actor under its contract with the City's Department of Prisons to provide medical services to prison inmates.[30] Mr. Savage does not allege this contract.

YesCare Inc., the apparent successor to Corizon Health, may be liable under *Monell v. Department of Social Services*.[31] YesCare may not be liable for the unconstitutional actions of its employees simply because of their employment.[32] But it may be liable if Mr. Savage shows YesCare's "policy or custom" caused the violation of his constitutional rights.[33] If the alleged policy or custom is a failure to train employees, Mr. Savage must show the failure to train amounts to "deliberate indifference to the rights of persons with whom the [employees] come into contact."[34] Mr. Savage must allege facts "(1) [YesCare's] policymakers know [its] employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights."[35] Mr. Savage must identify a "pattern of similar constitutional violations by untrained employees … put[ting] municipal decisionmakers on notice that a new program is necessary" or "failure to provide the identified training would likely ... result in the violation of constitutional rights–*i.e.*, to show the need for more or different training [was] so obvious."[36]

Mr. Savage does not allege facts to support how YesCare failed to train its employees or a history of employees mishandling the scheduling of medical care, he fails to allege the deficiency or failure to train caused the constitutional violation, and he fails to allege the absence of such training constitutes a deliberate indifference to his constitutional rights.[37] Mr. Savage baldly alleges "YesCare, Inc. failed to properly train their employees when it comes to scheduling follow [up] medical care."[38]

He does not state a claim against YesCare for failure to train. We dismiss this Eighth Amendment municipal liability based on custom claim.

**B. Mr. Savage's pleaded claims are barred by the statute of limitations.**

Mr. Savage's claim is barred by the two-year statute of limitations even if he stated a claim against YesCare.

Congress did not define a statute of limitation in section 1983. We instead borrow the underlying state's statute of limitations for personal injury torts.[39] Pennsylvania's statute of limitations for torts is two years.[40] We apply federal law to determine when Mr. Savage's claims accrued mindful of Pennsylvania's two-year statute of limitations.[41] The limitations period on Mr. Savage's denial of medical care claim began to run when he knew or should have known of the injury on which he bases his claim.[42]

Mr. Savage knew of the injury to his hand in November 2019. He did not bring the current complaint until October 12, 2023, nearly four years later. We may dismiss a complaint under Rule 12(b)(6) if Mr. Savage's pleaded allegations confirm his claims are untimely.[43]

The two-year statute of limitations may be tolled under tolling principles. For example, when a defendant's conduct is part of a continuing practice, an action is timely as long as the last act evidencing the continuing practice falls within the limitations period.[44] This is called a continuing violations doctrine and, if applicable, will allow us to grant relief for earlier related acts otherwise time barred.[45] Mr. Savage alleges his initial injury occurred in November 2019 but he refers to "further complications" requiring his injured hand "to be voluntarily broken."[46] We cannot determine from these bare-bone references what complications occurred, when they occurred, and whether a state actor denied him medical care other than in November 2019.

State tolling principles generally apply to section 1983 claims.[47] But this general rule is not absolute where state tolling principles contradict federal law or policy. Federal tolling principles may apply where there is a conflict.[48] Our Court of Appeals in *Kach v. Hose* instructed Pennsylvania's tolling principles do not conflict with federal law or policy.[49]

Pennsylvania law allows for tolling of a statute of limitations in certain circumstances. For example, Pennsylvania recognizes the discovery rule which tolls the statute of limitations where a plaintiff's injury or its cause is neither known nor reasonably ascertainable.[50] An objective standard is applied to a plaintiff's reasonable diligence; the question is not what a plaintiff actually knew of his injury or its cause but "what he might have known by exercising the diligence required by law."[51]

Pennsylvania law allows for equitable tolling of a statute of limitations. The Pennsylvania Supreme Court deems "a broad array of situations" fall within equitable tolling including the discovery rule: fraud, concealment, where a defendant actively misleads the plaintiff with respect to plaintiff's cause of action, extraordinary circumstances where a plaintiff is prevented from asserting his rights, and where a plaintiff timely asserts his rights but in the wrong forum.[52]

Our Court of Appeals recognizes three federal equitable tolling principles: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff is prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where plaintiff asserts his claims in a timely manner but in the wrong forum.[53]

Mr. Savage's 2023-filed claim based on conduct in 2019 is facially barred by the statute of limitations absent the application of a tolling principle. Mr. Savage does not plead facts tolling the statute of limitations either under Pennsylvania or federal equitable tolling principles. We cannot imagine how the discovery rule applies as Mr. Savage knew and swore his injury occurred in

November 2019. He pleads no facts allowing us to infer another extraordinary circumstance required for an application of equitable tolling under either Pennsylvania or federal law. Mr. Savage appears to believe he settled claims against the City and corrections officers in *Savage I* based on language in the settlement agreement preserving his right to pursue claims against YesCare. We do not know to which language Mr. Savage refers nor can we understand how the City Defendants in *Savage I* could agree in a settlement agreement to extend the statute of limitations over claims Mr. Savage had or has against non-party Corizon, now YesCare.

We are skeptical but will allow Mr. Savage to amend his complaint if he can do so under the law.

## III. Conclusion

Mr. Savage fails to state a claim against YesCare. His claims against YesCare are time barred even if he plausibly stated a claim. We allow Mr. Savage leave to timely amend his complaint if he can do so in good faith under the governing law.

---

[1] ECF No. 2 at 4, § II.D.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] Mr. Savage *pro se* first sued state actors and Corizon Health on October 19, 2021 for denying him medical care for the injuries to his hand resulting from a fight with another inmate in violation of his Eighth Amendment rights. *Savage v. City of Phila.*, No. 21–4612 ("*Savage I*"). We dismissed his claims against the state actors in their official and individual capacities but granted Mr. Savage leave to amend his complaint to plead claims against the City of Philadelphia for official actions and claims against prison officials for their personal involvement in the alleged deprivation of his civil rights or claims against others, including medical professionals for alleged civil rights violations. *Id.*, 2022 WL 1157654 (E.D. Pa. Apr. 19, 2022). Mr. Savage filed an amended complaint after an extension of time against prison officials, corrections officers, and Corizon Health asserting Eighth Amendment violations for failure to protect and denial of medical care

claims. *Id.*, ECF No. 25. Mr. Savage did not sue the City or allege a policy or custom or failure to train or supervise its employees. We screened his amended complaint and dismissed the Eighth Amendment claims against the individual prison officials in their official capacities, all claims against Corizon Health for failing to allege facts supporting a *Monell* claim against it, and all claims against prison officials and officers in their individual capacities for failing to allege their personal involvement in the alleged constitutional violations. *Id.*, 2022 WL 2047951 (E.D. Pa. June 7, 2022) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). We explained to Mr. Savage a municipality may be liable if he alleged a "policy or custom" caused the constitutional violation. We granted Mr. Savage leave to amend his complaint if he could plead more detailed facts in good faith.

Mr. Savage filed a second amended complaint naming the City, Corizon Health, and two corrections officers again raising Eighth Amendment failure-to-protect and deprivation of medical care claims. *Savage I*, ECF No. 28. We screened Mr. Savage's second amended complaint and concluded he plausibly stated municipal liability claims under *Monell* against the City and Corizon Health based on a failure-to-protect theory and denial of follow-up medical treatment but failed to state a failure-to-train theory of liability against the City or Corizon and failed to state failure-to-protect claims against individual state actors except for one corrections officer. We dismissed all supervisory liability claims all individual state actors. *Id.*, 2022 WL 2392041 (E.D. Pa. July 1, 2022). Concluding Mr. Savage could proceed with his municipal liability claim against Corizon for a custom of not scheduling recommended follow-up medical care, we ordered Mr. Savage to complete and return the requisite forms to the Clerk of Court by July 29, 2022 to allow the United States Marshal Service to timely serve Corizon Health. *Id.*, ECF No. 31. Mr. Savage did not return the forms to the Clerk of the Court for service on Corizon Health by the United States Marshal Service.

[6] We dismissed without prejudice Mr. Savage's claims against Corizon Health for failure to prosecute on January 30, 2023. *Savage I*, ECF No. 41.

[7] Mr. Savage settled his dispute with the City and prison officials and we dismissed his case with prejudice. *Savage I,* ECF No. 73.

[8] ECF No. 2. It appears YesCare is the successor of Corizon Health after Corizon filed a voluntary bankruptcy petition earlier this year under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, No. 23-90086.

[9] ECF No. 2 at 4, § II. D. Mr. Savage does not allege his status at the Detention Center in November 2019; we do not know if he was a pre-trial detainee or prisoner. Mr. Savage's status depends on whether the Fourteenth Amendment or Eighth Amendment applies to his denial of medical care claim. The Supreme Court held in *Estelle v. Gamble* the Eighth Amendment protects a prisoner's serious medical needs. 429 U.S. 97, 103–04 (1976). The Fourteenth Amendment extends pre-trial detainees' protections to at least as great as those available to inmates under the Eighth Amendment. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Claims for failure to provide medical care under the Fourteenth Amendment are analyzed under the same standards as the Eighth Amendment. *Thomas v. City of Harrisburg*, --- F.4th ---, 2023 WL 8461096, at *3 n. 23 (3d Cir. Dec. 6, 2023).

9

---

[10] ECF No. 2 at 5, § IV.B–D.

[11] *Id.* at 6, § IV. F.

[12] *Id.* § III.

[13] Congress in section 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..." 42 U.S.C. § 1983.

[14] *Id.* at 4, § II. D.

[15] *Robins v. Wetzel,* No. 22-1006, 2022 WL 4533850, at *1, n. 1 (3d Cir. Sept. 28, 2022). Mr. Savage paid the filing fee by putting in the prison mail on November 13, 2023 a notice he submitted a cash slip request to the prison to pay for the filing fee. ECF No. 5. The Clerk of the Court received the payment one month later on December 12, 2023. ECF No. 6.

[16] 28 U.S.C. § 1915A(a).

[17] *Id.* § 1915A(b).

[18] *Turner v. District Att'y Phila. Cnty.*, No. 22-491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022) (citing *Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[20] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[21] *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

[22] *Id.*

[23] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (italics omitted)).

[24] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244). Under Rule 8(e), "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). We are directed by our Court of Appeals this liberal standard is "even more pronounced" where, as here, a plaintiff files a complaint pro se, without assistance of counsel, to "protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v.*

*Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) and citing *Higgs*, 655 F.3d at 339).

25 *Yogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245).

26 *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

27 *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023).

28 *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Estelle*, 429 U.S. at 104–05).

29 ECF No. 2.

30 *Dixon v. City of Phila.*, No. 20-6515, 2021 WL 3722276, *5 n. 2 (E.D. Pa. Aug. 23, 2021).

31 436 U.S. 658 (1978).

32 *Monell*, 436 U.S. at 691.

33 *Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020) (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014)).

34 *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

35 *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019) (citing *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)).

36 *Johnson*, 975 F. 3d at 403 (cleaned up).

37 *Medina v. Allentown Police Dep't*, No. 23-2055, 2023 WL 7381461 at *1 (3d Cir. Nov. 8, 2023) (per curiam).

38 ECF No. 2 at 4, § II. D.

39 *Randall v. City of Phila. Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019).

40 42 Pa. Cons. Stat. §§ 5524(a)(2), (7).

41 *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

42 *Id.* (quoting *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)).

43 *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

44 *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001).

---

[45] *Id.*

[46] ECF No. 2 at 4, § III.

[47] *Kach*, 589 F.3d at 639.

[48] *Id.*

[49] *Id.* at 643.

[50] *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018).

[51] *Id.* at 893.

[52] *Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 995–96 (Pa. 2020).

[53] *Kach*, 589 F.3d at 643.